**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6131**

CHARLES LORENZO BUTLER,

        Petitioner - Appellant,

    v.

GREGORY HOLLOWAY, Warden,

        Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:14-cv-00243-LO-TRJ)

Submitted: May 28, 2015          Decided: June 19, 2015

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Remanded by unpublished per curiam opinion.

Charles Lorenzo Butler, Appellant Pro Se. Craig Stallard, Assistant Attorney General, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Lorenzo Butler seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 (2012) petition. We remand for consideration of whether reopening of the appeal period is merited.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on November 3, 2014. At the earliest, Butler filed his "Motion for Stay," construed as a notice of appeal, on January 21, 2015.[*] Butler's notice of appeal is clearly untimely. However, under Fed. R. App. P. 4(a)(6), the district court may reopen the time to file an appeal if: (1) the moving party did not receive notice of entry of judgment within 21 days after entry; (2) the motion is filed within 180 days of entry of judgment or within

---

[*] The pleading is dated January 21, 2015. For the purpose of this appeal, we assume that this is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 270 (1988).

2

14 days of receiving notice from the court, whichever is earlier; and (3) no party would be prejudiced.

In his notice of appeal, Butler stated that he did not receive notice of the district court's order dismissing his action until January 20, 2015, when he received a response from the district court with regard to his inquiry as to the status of his case. Accordingly, we remand for the limited purpose of permitting the district court to determine whether Butler's notice of appeal should be construed as a motion to reopen the appeal period, and if so, whether reopening is merited. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED